**BLANK ROME LLP**
*A Pennsylvania LLP*
David C. Kistler
New Jersey Resident Partner
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone:  (609) 750-2646
Kistler@BlankRome.com

Frank A. Dante, Esquire
Melissa F. Murphy, Esquire
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5645
Facsimile: (215) 832-5645
Dante@BlankRome.com
Mfmurphy@BlankRome.com

*Attorneys for Defendant, Gator Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVEL LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KVK-TECH, INC. and GATOR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. 3:17-cv-00739 <br><br> ***Electronically Filed*** <br><br> **Oral Argument Requested** <br><br> **Return Date: March 20, 2017** |

## <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE** that, on March 20, 2017, or as soon thereafter as

counsel may be heard, the undersigned counsel for Defendant Gator

Pharmaceuticals, Inc. ("Gator"), shall move before the Hon. Brian R. Martinotti, U.S.D.J. at the Clarkson S. Fisher Building and U.S. Courthouse, 402 East State Street Room 2020, Trenton, New Jersey, to dismiss with prejudice as to Gator, the Complaint filed by Plaintiff Novel Laboratories.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Gator relies upon the supporting Memorandum of Law filed herewith.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order has been submitted herewith pursuant to the rules of this Court; and

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested in this matter in the event timely opposition is received.

Date: February 21, 2017

Respectfully submitted,

**BLANK ROME LLP**

By:  */s/ Frank A. Dante*
Frank A. Dante, Esq.
Melissa F. Murphy, Esq.
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5645
(215) 832-5645
Dante@BlankRome.com
MfMurphy@BlankRome.com

*Attorneys for Defendant*
*Gator Pharmaceuticals, Inc.*

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVEL LABORATORIES, INC., | Civil Action No. 3:17-cv-00739 |
| Plaintiff, | ***Electronically Filed*** |
| v. | **Oral Argument Requested** |
| KVK-TECH, INC. and GATOR PHARMACEUTICALS, INC., | **Return Date: March 20, 2017** |
| Defendants. | |

## <u>ORDER</u>

**THIS MATTER** having been opened to the Court by Blank Rome LLP, attorneys for Defendant Gator Pharmaceuticals, Inc. ("Gator") on Gator's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, in the alternative, for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and the Court having reviewed the moving and responding papers and the arguments of the parties, and for good cause shown:

**IT IS** on this ____ day of _____, 2017, hereby **ORDERED** that: Gator's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** in its entirety, **WITH PREJUDICE**, as to Gator.

_____
Hon. Brian R. Martinotti, U.S.D.J

**BLANK ROME LLP**
*A Pennsylvania LLP*
David C. Kistler
New Jersey Resident Partner
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Telephone:  (609) 750-2646
Kistler@BlankRome.com

Frank A. Dante, Esquire
Melissa F. Murphy, Esquire
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5645
Facsimile: (215) 832-5645
Dante@BlankRome.com
Mfmurphy@BlankRome.com

*Attorneys for Defendant, Gator Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVEL LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KVK-TECH, INC. and GATOR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. 3:17-cv-00739 <br><br> ***Electronically Filed*** <br><br> **Oral Argument Requested** <br><br> **Return Date: March 20, 2017** |

---

**DEFENDANT GATOR PHARMACEUTICALS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, IMPROPER VENUE**

---

# **TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................1

II.  BACKGROUND ......................................................................2

　　A.   The Claims .................................................................2

　　B.   About Gator................................................................2

　　C.   Gator is Not the Alter Ego of KVK-Tech...................................4

III. ARGUMENT..........................................................................5

　　A.   Novel's Complaint Must Be Dismissed Because This
　　　　 Court Lacks Personal Jurisdiction Over Gator ...........................5

　　　　1.   Legal Standard for Determining Personal
　　　　　　　Jurisdiction.........................................................5

　　　　2.   This Court Does Not Have General Jurisdiction
　　　　　　　Over Gator ..........................................................7

　　　　3.   No Specific Personal Jurisdiction Exists Over
　　　　　　　Gator ...............................................................8

　　　　4.   Gator and KVK-Tech Are Not Alter Egos....................................11

　　B.   In the Alternative, Novel's Complaint Should Be
　　　　 Dismissed for Improper Venue................................................14

CONCLUSION ..........................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Ghena Int'l Corp. v. Radwan*,
  957 F. Supp. 2d 511 (D.N.J. 2013) ...................................................................14

*Am. Bell Inc. v. Fed'n of Tel. Workers*,
  736 F.2d 879 (3d Cir. 1984) ............................................................................13

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...........................................................................6, 7, 8, 9

*Cerciello v. Canale*,
  No. 13-3491, 2014 U.S. App. LEXIS 7624 (3d Cir. Apr. 13, 2014) ..................9

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014).........................................................................6, 7, 8

*Goldlawr, Inc. v. Heiman*,
  369 U.S. 463 (1962)...........................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)...........................................................................7, 8

*IMO Indus., Inc. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ............................................................5, 6

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...........................................................................6

*Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*,
  960 F.2d 1217 (3d Cir. 1992) ............................................................5

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
  496 F.3d 312 (3d Cir. 2007) ............................................................5, 9

*OTR Assocs. v. IBC Servs.*,
  335 N.J. Super. 48 (Ct. App. Div. 2002) ............................................13

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*,
  675 F.2d 587 (3d. Cir. 1982) ...............................................................................8

*Repetti v. Vitale*,
  2011 WL 3962518 (N.J. Super. Ct. App. Div. Sept. 9, 2011)...........................11

*State Dep't of Envtl. Prot. v. Ventron Corp.*,
  94 N.J. 473 (1983) ............................................................................................12

*Thomas Global Group, LLC v. Watkins*,
  No. 13-4864, 2016 WL 3946774 (D.N.J. July 19, 2016) ..................................12

*Trans. Ins. Co. v. American Harvest Baking Co.*,
  No. 15-663, 2015 WL 9049273 (D.N.J. Dec. 16, 2015) ...................................12

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014)..........................................................................6, 7, 9, 10

*Wallace v. Keystone Printed Specialties Co., Inc.*,
  No. 14-5978, 2016 WL 5403088 (D.N.J. Sept. 27, 2016)...................................5

*Westfield Ins. Co. v. Interline Brands, Inc.*,
  No. 12-6775, 2013 WL 6816173 (D.N.J. Dec. 20, 2013) ...................................8

**Statutes**

28 U.S.C. § 1391 ........................................................................................................14

28 U.S.C. § 1391(b) ...................................................................................................14

28 U.S.C. § 1391(b)(1)...............................................................................................15

28 U.S.C. § 1391(b)(2)...............................................................................................15

28 U.S.C. § 1391(b)(3)...............................................................................................15

28 U.S.C. § 1406(a) ....................................................................................................14

**Other Authorities**

FED. R. CIV. P. 12(b)(2).................................................................................................1

FED. R. CIV. P. 12(b)(3).............................................................................................1, 14

U.S. Const. amend. IVX ............................................................................6

Defendant Gator Pharmaceuticals, Inc. ("Gator"), by and through its undersigned counsel, respectfully submits this brief in support of its Motion to Dismiss the Complaint of Plaintiff Novel Laboratories, Inc. ("Novel") for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), or, in the alternative, for improper venue pursuant to FED. R. CIV. P. 12(b)(3).

## I. INTRODUCTION

Gator is a Florida company with no presence in New Jersey. It owns no real estate in New Jersey, has no office in New Jersey and has no employees in New Jersey. Gator has never directly offered for sale any product in New Jersey, has never marketed or advertised to consumers in New Jersey, and has no distributorship agreement with any New Jersey entity. In short, Gator not only lacks the *minimum* contacts required for this Court to exercise personal jurisdiction, it has <u>no</u> contacts with New Jersey.

The single allegation that a settlement agreement between Novel and KVK-Tech, Inc. ("KVK") was entered into in New Jersey does nothing to establish that Gator, a non-party to that agreement, took any affirmative acts directed at New Jersey sufficient to subject it to personal jurisdiction in New Jersey.  Nor can Novel impute onto Gator the New Jersey contacts of KVK by claiming that the two companies are "alter egos." Plaintiff, however, falls far short of the pleading standard for such a theory because there is simply no basis to assert that the two

separate companies are alter egos.  Gator and KVK are entirely separate, unrelated entities and cannot be considered alter egos for purposes of personal jurisdiction.

For these reasons, as more fully detailed below, Gator respectfully requests that Novel's Complaint be dismissed with prejudice.

## II. BACKGROUND

### A.    The Claims

On February 3, 2017, Plaintiff Novel filed a Complaint against Gator and KVK. *See* Complaint, D.E. 1-1. The Complaint asserts four claims against Gator for breach of contract[1], misappropriation of trade secrets, tortious interference with contract, and fraud, arising out of a dispute between Novel and KVK as to the right to develop a generic version of the drug SUPREP.  Novel alleges that, in addition to being prohibited from developing SUPREP for itself, KVK is prohibited from filing a New Drug Application on behalf of, or assisting in any way, any other entity that seeks to develop a generic form of SUPREP, including Gator. *Id*. Novel alleges that Gator and KVK are "alter egos" and therefore both liable in this action. *Id*.

### B.    About Gator

Gator is a Florida corporation that develops generic prescription pharmaceutical products. Gator is incorporated and maintains its principal place of

---

[1] It is undisputed that Gator is not a signatory or party to the contract that Plaintiff alleges Gator breached.

business in Florida. *See* Declaration of Paul Burlaga, attached hereto as Exhibit A ("Burlaga Decl."), at ¶ 2.  Gator is incorporated and maintains its principal place of business in Florida.  Gator does not have any business contacts with the State of New Jersey. *Id.* at ¶ 3. Gator is not registered to do business in New Jersey. *Id.* at ¶ 4. Gator does not maintain an office or own any real estate in New Jersey. *Id.* at ¶ 5. Gator does not lease any property in New Jersey. *Id.* at ¶ 6. Gator does not have a telephone listing or mailing address in New Jersey. *Id.* at ¶ 7. Gator does not maintain any bank accounts in New Jersey. *Id.* at ¶ 8. Gator has not authorized or appointed any entity to act as its general agent for accepting service of process in New Jersey. *Id.* at ¶ 9. Gator does not employ any personnel in New Jersey. *Id.* at ¶ 10. Gator does not pay taxes or file tax returns in New Jersey. *Id.* at ¶ 11. Gator does not advertise or market in New Jersey. *Id.* at ¶ 12. Gator does not distribute products into New Jersey. *Id.* at ¶ 13. Gator has not entered into any agreements with New Jersey distributors or agreements with any other distributors to specifically distribute, sell, advertise or market Gator products to the New Jersey market. *Id.* at ¶ 14. Gator has not established and does not control any distribution network that distributes, sells, advertises, or markets Gator products in New Jersey. *Id.* at ¶ 15. Gator employees, agents, and/or representatives do not routinely make telephone calls to New Jersey for work-related purposes. *Id.* at ¶ 16. None of Gator's corporate officers, directors, employees, agents, or other representatives

-3-

are located in New Jersey. *Id*. at ¶ 17. None of Gator's officers, directors, or employees have traveled to New Jersey for business-related purposes on Gator's behalf. *Id*. at ¶ 18. Gator does not have any subsidiary entities operating in New Jersey. *Id*. at ¶ 19. Gator has never initiated any litigation in New Jersey courts. *Id*. at ¶ 20. Gator does not engage (and has not engaged) in any direct or purposeful targeting whatsoever of the New Jersey economy. *Id*. at ¶ 21. Gator has not, through either direct or indirect means, purposefully availed itself of the New Jersey economy, nor has Gator ever taken any commercial or other actions to specifically create a market for its products in New Jersey. *Id*. at ¶ 22.

### C.    Gator is Not the Alter Ego of KVK-Tech

Gator is owned neither partially nor in full by Defendant KVK, nor does Gator own any portion of KVK. There is no legal relationship between Gator and KVK. *Id*. at ¶ 23. None of Gator's officers and/or directors serve as officers and/or directors of KVK. *Id*. at ¶ 24. Gator's finances are in no way controlled or directed by KVK; likewise, Gator does not control or direct the finances of KVK. *Id*. at ¶ 25. Gator's policies and/or business practices are in no way controlled or directed by KVK; likewise, Gator does not control or direct KVK's policies and/or business practices. *Id*. at ¶ 26. Gator does not share office space with KVK. *Id*. at ¶ 27. Gator does not maintain, control and/or possess the books, records and financial

accounts of KVK; likewise, KVK does not maintain, control and/or possess the books, records and financial accounts of Gator. *Id*. at ¶ 28.

## III.   ARGUMENT

### A.   Novel's Complaint Must Be Dismissed Because This Court Lacks Personal Jurisdiction Over Gator

#### 1.   Legal Standard for Determining Personal Jurisdiction

Once a district court's personal jurisdiction over a defendant is challenged, "the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd*., 496 F.3d 312, 316 (3d Cir. 2007).  In response to a motion to dismiss for lack of personal jurisdiction, the plaintiff must present "'a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Wallace v. Keystone Printed Specialties Co., Inc*., No. 14-5978, 2016 WL 5403088, at *2 (D.N.J. Sept. 27, 2016) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A federal court sitting in diversity engages in a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). The court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction. *See id*. If so, the court must then consider whether the exercise of personal jurisdiction comports with due process. *See id*. Because New

Jersey's long-arm statute extends the state's jurisdictional reach to the outermost limits of the federal Constitution, the analysis here turns on the issue of constitutional due process. *See id.* at 259.

The due process clause of the Fourteenth Amendment "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Under the due process analysis, the plaintiff must establish that the defendant has constitutionally sufficient "minimum contacts" with the forum, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), such that the assertion of personal jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. A court may exercise general jurisdiction over a foreign corporation only when the corporation's "continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). If general jurisdiction is not appropriate, a Court may exercise specific jurisdiction over a defendant when the cause of action arises out of a defendant's forum-related

activities such that "the defendant should reasonably anticipate being haled into court there." *Burger King Corp.*, 471 U.S. at 474.

As the Supreme Court has emphasized, for a state to exercise jurisdiction consistent with due process, that relationship "**must arise out of contacts that the defendant *himself* creates with the forum State**." *Walden*, 134 S. Ct. at 1122 (citing *Burger King Corp.*, 471 U.S. at 475) (emphasis added). A defendant's "relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 134 S. Ct. at 1123. In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id*. at 1122. For the reasons that follow, this Court has neither general nor specific jurisdiction over Gator.

### 2.      This Court Does Not Have General Jurisdiction Over Gator

General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden*, 134 S. Ct. at 1121 n.6.  General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted).  For a corporate defendant, such as Gator, general jurisdiction typically lies only in (1) the state of incorporation, and (2) the state in which the corporation maintains its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  Indeed,

"[a] corporation that operates in many places can scarcely be deemed at home in all of them.  Otherwise, 'at home' would be synonymous with 'doing business tests' framed before specific jurisdiction evolved in the United States." *Id*. at 762 n.20.  Accordingly, when the chosen forum is not the company's principal place of business or state of incorporation, "exceptional" circumstances are required to establish general jurisdiction.  *Id*. at 761 n.19. This is a "much higher threshold to meet, for the facts required to assert this general jurisdiction must be extensive and persuasive." *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-6775, 2013 WL 6816173, at *18 (D.N.J. Dec. 20, 2013) (quoting *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d. Cir. 1982)).

Here, Novel makes no allegations whatsoever of Gator's contacts with New Jersey, let alone "continuous and systematic" contacts.  *See Goodyear*, 564 U.S. at 919.   This is because Novel cannot do so. Gator is incorporated and has its principal place of business in Florida. *See* Burlaga Decl. at ¶ 2. It has no contacts with New Jersey. *See infra* Section II(B), citing Burlaga Decl. at ¶¶ 1-22.

Accordingly, this Court does not have general jurisdiction over Gator.

### 3.    No Specific Personal Jurisdiction Exists Over Gator

Specific jurisdiction attaches only if the non-resident defendant has "purposefully directed" its activities at the forum and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted). "[R]andom, fortuitous or attenuated contacts" or the "unilateral activity of another party or a third person" do not satisfy this requirement for specific jurisdiction. *Id*. at 475 (internal quotations and citations omitted). Ultimately, a defendant's contacts must amount to "a deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007); *Cerciello v. Canale*, No. 13-3491, 2014 U.S. App. LEXIS 7624, at *8 (3d Cir. Apr. 13, 2014) ("[T]he constitutional inquiry requires a court to consider, first, whether the defendant purposefully directed his activities at the forum.")(internal quotation omitted)).

For a state to exercise jurisdiction consistent with due process, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden*, 134 S.Ct. at 1121. As the Court explained in Walden, the two key aspects of this inquiry are that: "[f]irst, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State" and "Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122 (citations omitted). This analysis applies even when intentional torts are involved. *See id.* ("A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."). Plaintiff does not allege that Gator engaged

in tortious conduct in New Jersey.  Instead, Plaintiff alleges that Gator engaged in tortious conduct outside of the State of New Jersey and the effects of that alleged conduct were felt by Plaintiff in New Jersey.  Merely feeling the effects of alleged tortious conduct within the state is woefully insufficient to establish personal jurisdiction over Gator in New Jersey.  *Id*. at 1125 ("[M]ere injury to a forum resident is not a sufficient connection to the forum…The proper question is not where the plaintiff experienced a particular injury or effect *but whether the defendant's conduct connects him to the forum in a meaningful way.*") (emphasis added).

Here, Novel fails to allege any acts or conduct by Gator directed to New Jersey. Rather, Novel relies exclusively on the fact that the settlement agreement allegedly at issue in this matter, by and between Novel and KVK—not Gator, was entered into in New Jersey. This fact has nothing to do with Gator and does not demonstrate in any way that Gator expressly aimed any conduct at New Jersey. Thus, this basis fails both inquiries under *Walden*. 134 S.Ct. at 1122. This is not a contact that the "defendant *himself* created with the forum State" but rather is merely a result of unilateral conduct on the part of the Plaintiff and/or another party. Accordingly, this Court cannot exercise specific jurisdiction over Gator.

### 4.      Gator and KVK-Tech are Not Alter Egos

Novel asserts that Gator is subject to personal jurisdiction in New Jersey because it is an alter ego of KVK, but has failed to plead facts to support this allegation. To the contrary, the facts, as stated in the attached Declaration of Paul Burlaga, establish that the two entities cannot be considered alter egos. Moreover, New Jersey courts have never applied the alter ego theory as between two unrelated entities that have no common ownership whatsoever, and the court should not do so here.

As a threshold issue, the alter ego theory is generally applied in the context of a parent-subsidiary relationship. Gator is unaware of any decision in New Jersey applying the alter ego theory to exercise personal jurisdiction over one company for the acts of a completely distinct, unrelated entity. Indeed, New Jersey courts have not even found that personal jurisdiction can be asserted over a subsidiary based on personal jurisdiction over the parent, the so-called "reverse piercing of a corporate veil," let alone alter ego jurisdiction for entirely separate corporate entities. *See, e.g. Repetti v. Vitale*, 2011 WL 3962518, at *5 (N.J. Super. Ct. App. Div. Sept. 9, 2011) ("We have located no case employing [the reverse piercing of a corporate veil] remedy in New Jersey").[2]   Rather, alter ego theory is "a derivation

---

[2]      A New Jersey District Court as recently as July 2016 has noted (in an unpublished opinion) that it could not find any New Jersey cases supporting a

of the 'piercing the corporate veil'" theory and properly applied only to a parent as for the acts of a subsidiary. *See Trans. Ins. Co. v. American Harvest Baking Co.*, No. 15-663, 2015 WL 9049273, at *4 (D.N.J. Dec. 16, 2015).

Even if Plaintiff could apply a "piercing the corporate veil" theory to Gator and KVK, it would still fail here. New Jersey law requires that, to pierce the corporate veil, both of the following elements must be shown: (1) "the parent [corporation] so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent" and (2) "the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise circumvent the law." *State Dep't of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 500-01 (1983).

With regard to the first element, courts have considered various factors to determine if the corporate veil should be pierced, including:

> gross undercapitalization…failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.

---

reverse alter ego theory of jurisdiction. *See Thomas Global Group, LLC v. Watkins*, No. 13-4864, 2016 WL 3946774, at *2 (D.N.J. July 19, 2016) (Unpub.).

*Am. Bell Inc. v. Fed'n of Tel. Workers*, 736 F.2d 879, 886 (3d Cir. 1984). No such circumstances are present here.  KVK and Novel are not a parent and subsidiary; the two entities have no legal relationship and do not own any part of each other. *See* Burlaga Decl., at ¶ 23. Furthermore, there is no financial dependency between the entities. Gator's finances are not controlled or directed by KVK; likewise, Gator does not control or direct the finances of KVK. *Id*. at ¶ 25. Gator also does not maintain, control and/or possess the books, records and financial accounts of KVK, nor does KVK maintain, control and/or possess the books, records and financial accounts of Gator. *Id*. at ¶ 28. There is also no disregard for corporate formalities. None of Gator's officers and/or directors serve as officers and/or directors of KVK. *Id*. at ¶ 24.  Gator's policies and/or business practices are in no way controlled or directed by KVK; likewise, Gator does not control or direct KVK's policies and/or business practices. *Id*. at ¶ 26. There simply is no basis upon which to assert an alter ego theory here.

With regard to the second element, "the hallmarks of the abuse" that is the focus of this inquiry are "typically the engagement of the subsidiary in no independent business of its own but exclusively the performance of a service for the parent and, even more importantly, the undercapitalization of the subsidiary rendering it judgment-proof." *OTR Assocs. v. IBC Servs.*, 335 N.J. Super. 48, 52 (Ct. App. Div. 2002). Plaintiff does not allege the undercapitalization of Gator, nor

-13-

has it pled that Gator has engaged only in the service of KVK and does not engage in any independent business. As stated in the attached Declaration, Gator is a business wholly independent from KVK. Accordingly, alter ego jurisdiction is not appropriate in this case.

### B.  In the Alternative, Novel's Complaint Should be Dismissed for Improper Venue

This action should be dismissed pursuant to Rule 12(b)(3) for the additional reason that venue in this Court is improper where, as here, none of the 28 U.S.C. § 1391 factors are present.  *See* FED. R. CIV. P. 12(b)(3) (relating to dismissal for improper venue).

Pursuant to Section 1391(b), where jurisdiction is founded solely on diversity of citizenship, there are only three proper venues where the case can be brought: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  In assessing venue, a plaintiff's residence is irrelevant.  *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 520 (D.N.J. 2013).  Under 28 U.S.C. § 1406(a), if venue is not proper, district courts are required either to

-14-

dismiss or transfer to a proper forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962).

Section 1391(b)(1) does not confer venue in New Jersey because both defendants do not reside in New Jersey.

Section 1391(b)(2) also does not apply because a "substantial part" of the events giving rise to Novel's claims against Gator did not occur in New Jersey. It is undisputed that Gator is not a signatory or party to the agreement at issue in this matter. With respect to the fraud and tort claims, none of the allegedly fraudulent or tortious conduct of Gator occurred in New Jersey. As discussed above, Novel has not pled that Gator directed any conduct toward New Jersey.

Finally, Section 1391(b)(3) does not apply because there is another district in which this action might have been brought—the Middle District of Florida, where we believe all of the parties are subject to personal jurisdiction and can be properly joined in a single action.

Accordingly, should the Court deny Gator's Motion to Dismiss for Lack of Personal Jurisdiction, Gator respectfully submits that the Court should dismiss Novel's Complaint as to Gator on the alternative grounds that venue in New Jersey is improper.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint against Gator should be dismissed with prejudice.

Respectfully Submitted,

**BLANK ROME LLP**

By:     _/s/ Frank A. Dante_
Frank A. Dante, Esq.
Melissa F. Murphy, Esq.
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5645
(215) 832-5645
Dante@BlankRome.com
MfMurphy@BlankRome.com

*Attorneys for Defendant*
*Gator Pharmaceuticals, Inc.*

Dated:  February 21, 2017