# P13000094445

(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP   ☐ WAIT   ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____   Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



700265733147

RECEIVED
DEPARTMENT OF STATE
DIVISION OF CORPORATIONS
2014 DEC -9 PM 4: 32
NOT INTENDED
TO ACKNOWLEDGE
SUFFICIENCY OF FILING

FILED
2014 DEC -9 AM 11: 08
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

Merger
12/3/15

E1



CORPORATION SERVICE COMPANY

```
          ACCOUNT NO.  :  I20000000195

            REFERENCE  :  414202      4810371

        AUTHORIZATION  :

           COST LIMIT  :  $ 140.00
------------------------------------------------------------
ORDER DATE :  December 9, 2014

ORDER TIME :  4:01 PM

ORDER NO.  :  414202-005

CUSTOMER NO:   4810371

------------------------------------------------------------
```

### ARTICLES OF MERGER

AVANTHI, INC.

INTO

AVANTHI, INC.

PLEASE RETURN THE FOLLOWING AS PROOF OF FILING:

_____ CERTIFIED COPY
XX\_\_\_\_\_ PLAIN STAMPED COPY

CONTACT PERSON:  Courtney Williams

EXAMINER'S INITIALS:

E2



FLORIDA DEPARTMENT OF STATE
Division of Corporations

RECEIVED
DEPARTMENT OF STATE
DIVISION OF CORPORATIONS
15 FEB -2 AM 11: 02
NOT INTENDED
TO ACKNOWLEDGE
SUFFICIENCY OF FILING

January 28, 2015

CORPORATION SERVICE COMPANY
% COURTNEY WILLIAMS
TALLAHASSEE, FL 32301

**RESUBMIT**
Please give original
submission date as file date.

SUBJECT: AVANTHI, INC.
Ref. Number: P13000094445

We have received your document for AVANTHI, INC..  However, the document
has not been filed and is being returned for the following:

You failed to make the correction(s) requested in our previous letter.

The above listed corporation was administratively dissolved or its certificate of
authority was revoked for failure to file its 2014 corporate annual report/uniform
business report form.  To reinstate, the corporation must submit a completed
reinstatement application or a current corporate annual report/uniform business
report form and the appropriate fees.

The total amount due to reinstate is $900.00.

For each corporation, the document must contain the date of adoption of the plan
of merger or share exchange by the shareholders or by the board of directors
when no vote of the shareholders is required.

The articles of merger must contain the provisions of the plan of merger or the
plan of merger must be attached.

The merger should include the manner and basis of converting the shares of
each corporation into shares, obligations, or other securities of the surviving
corporation or any other corporation or, in whole or in part, into cash or other
property and the manner and basis of converting rights to acquire shares of each
corporation into rights to acquire shares, obligations, or other securities of the
surviving or any other corporation or, in whole or in part, into cash or other
property.

If you have any questions concerning the filing of your document, please call
(850) 245-6050.

Irene Albritton
Regulatory Specialist II

Letter Number: 115A00001727

E3



FLORIDA DEPARTMENT OF STATE
Division of Corporations

RECEIVED
DEPARTMENT OF STATE
DIVISION OF CORPORATIONS
15 JAN 27  PM 4: 39
NOT INTENDED
TO ACKNOWLEDGE
SUFFICIENCY OF FILING

December 10, 2014

CORPORATION SERVICE COMPANY
% COURTNEY WILLIAMS
TALLAHASSEE, FL 32301

**RESUBMIT**
Please give original
submission date as file date.

SUBJECT: AVANTHI, INC.
Ref. Number: P13000094445

We have received your document for AVANTHI, INC.. However, the document
has not been filed and is being returned for the following:

The above listed corporation was administratively dissolved or its certificate of
authority was revoked for failure to file its 2014 corporate annual report/uniform
business report form.  To reinstate, the corporation must submit a completed
reinstatement application or a current corporate annual report/uniform business
report form and the appropriate fees.

The total amount due to reinstate is $750.00.

For each corporation, the document must contain the date of adoption of the plan
of merger or share exchange by the shareholders or by the board of directors
when no vote of the shareholders is required.

The articles of merger must contain the provisions of the plan of merger or the
plan of merger must be attached.

The merger should include the manner and basis of converting the shares of
each corporation into shares, obligations, or other securities of the surviving
corporation or any other corporation or, in whole or in part, into cash or other
property and the manner and basis of converting rights to acquire shares of each
corporation into rights to acquire shares, obligations, or other securities of the
surviving or any other corporation or, in whole or in part, into cash or other
property.

Please return your document, along with a copy of this letter, within 60 days or
your filing will be considered abandoned.

If you have any questions concerning the filing of your document, please call
(850) 245-6050.

Irene Albritton
Regulatory Specialist II                    Letter Number: 814A00026042

E4

# ARTICLES OF MERGER
### (Profit Corporations)

The following articles of merger are submitted in accordance with the Florida Business Corporation Act, pursuant to section 607.1105, Florida Statutes.

**First:** The name and jurisdiction of the **surviving** corporation:

| Name | Jurisdiction | Document Number (If known/ applicable) |
|------|-------------|----------------------------------------|
| Avanthi, Inc. | FL | P13000094445 |

**Second:** The name and jurisdiction of each **merging** corporation:

| Name | Jurisdiction | Document Number (If known/ applicable) |
|------|-------------|----------------------------------------|
| Avanthi, Inc. | PA | 3221507 |
| Alantra, Inc. | PA | 3150762 |
| Vamsy, Inc. | PA | 3221506 |
| | | |
| | | |
| | | |

**Third:** The Plan of Merger is attached.

**Fourth:** The merger shall become effective on the date the Articles of Merger are filed with the Florida Department of State.

**OR** _____ / _____ / _____ (Enter a specific date. NOTE: An effective date cannot be prior to the date of filing or more than 90 days after merger file date.)

**Fifth:** Adoption of Merger by **surviving** corporation - (COMPLETE ONLY ONE STATEMENT)
The Plan of Merger was adopted by the shareholders of the surviving corporation on  December 9, 2014 .

The Plan of Merger was adopted by the board of directors of the surviving corporation on _____ and shareholder approval was not required.

**Sixth:** Adoption of Merger by **merging** corporation(s) (COMPLETE ONLY ONE STATEMENT)
The Plan of Merger was adopted by the shareholders of the merging corporation(s) on  December 9, 2014 .

The Plan of Merger was adopted by the board of directors of the merging corporation(s) on _____ and shareholder approval was not required.

*(Attach additional sheets if necessary)*

E5

**Seventh: SIGNATURES FOR EACH CORPORATION**

| Name of Corporation | Signature of an Officer or Director | Typed or Printed Name of Individual & Title |
|---|---|---|
| Avanthi, Inc. | *[signature]* | Anthony P. Tarasso, President |
| Avanthi, Inc. | *[signature]* | Anthony P. Tarasso, President |
| Alantra, Inc. | *[signature]* | Anthony P. Tarasso, President |
| Vamsy, Inc. | *[signature]* | Anthony P. Tarasso, President |

E 6

# PLAN OF MERGER
### (Non Subsidiaries)

The following plan of merger is submitted in compliance with section 607.1101, Florida Statutes, and in accordance with the laws of any other applicable jurisdiction of incorporation.

**First:**  The name and jurisdiction of the **surviving** corporation:

| Name | Jurisdiction |
| --- | --- |
| Avanthi, Inc. | FL |

**Second:**  The name and jurisdiction of each **merging** corporation:

| Name | Jurisdiction |
| --- | --- |
| Avanthi, Inc. | PA |
| Alantra, Inc. | PA |
| Vamsy, Inc. | PA |
| | |
| | |

**Third:**  The terms and conditions of the merger are as follows:

See Agreement and Plan of Merger dated December 9, 2014 attached hereto.

**Fourth:**  The manner and basis of converting the shares of each corporation into shares, obligations, or other securities of the surviving corporation or any other corporation or, in whole or in part, into cash or other property and the manner and basis of converting rights to acquire shares of each corporation into rights to acquire shares, obligations, or other securities of the surviving or any other corporation or, in whole or in part, into cash or other property are as follows:

*(Attach additional sheets if necessary)*

E 7

THE FOLLOWING MAY BE SET FORTH IF APPLICABLE:

Amendments to the articles of incorporation of the surviving corporation are indicated below or attached:

OR

Restated articles are attached:

Other provisions relating to the merger are as follows:

E 8

# PLAN OF MERGER
### (Merger of subsidiary corporation(s))

The following plan of merger is submitted in compliance with section 607.1104, Florida Statutes, and in accordance with the laws of any other applicable jurisdiction of incorporation.

The name and jurisdiction of the **parent** corporation owning at least 80 percent of the outstanding shares of each class of the subsidiary corporation:

Name                                                    Jurisdiction

_____            _____

The name and jurisdiction of each **subsidiary** corporation:

Name                                                    Jurisdiction

_____            _____

_____            _____

_____            _____

_____            _____

The manner and basis of converting the shares of the subsidiary or parent into shares, obligations, or other securities of the parent or any other corporation or, in whole or in part, into cash or other property, and the manner and basis of converting rights to acquire shares of each corporation into rights to acquire shares, obligations, and other securities of the surviving or any other corporation or, in whole or in part, into cash or other property are as follows:

*(Attach additional sheets if necessary)*

E9

If the merger is between the parent and a subsidiary corporation and the parent is not the surviving corporation, a provision for the pro rata issuance of shares of the subsidiary to the holders of the shares of the parent corporation upon surrender of any certificates is as follows:

If applicable, shareholders of the subsidiary corporations, who, except for the applicability of section 607.1104, Florida Statutes, would be entitled to vote and who dissent from the merger pursuant to section 607.1321, Florida Statutes, may be entitled, if they comply with the provisions of chapter 607 regarding appraisal rights of dissenting shareholders, to be paid the fair value of their shares.

Other provisions relating to the merger are as follows:

E 10

AGREEMENT AND PLAN OF MERGER

This AGREEMENT AND PLAN OF MERGER (this "Plan of Merger"), dated as of December 9, 2014, is made and executed by and between Avanthi, Inc., a Pennsylvania corporation ("Avanthi PA"), Alantra, Inc., a Pennsylvania corporation ("Alantra"), Vamsy, Inc., a Pennsylvania corporation ("Vamsy"), and Avanthi, Inc., a Florida corporation ("Avanthi FL", and after the Effective Time (as defined below), the "Surviving Corporation").

W I T N E S S E T H:

WHEREAS, (i) Avanthi PA is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania, (ii) Alantra is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania, (iii) Vamsy is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania and (iv) Avanthi FL is a corporation duly incorporated and validly existing under the laws of the State of Florida and has not engaged in any business and has not owned any assets prior to the date of this Plan of Merger;

WHEREAS, all of the shares of capital stock of each of Avanthi PA, Alantra, Vamsy and Avanthi FL are collectively owned by The Kalyan C V S Trust, The Vidya S V S Trust and The Kiran V V S Trust, with each such trust owning 33 1/3% of such shares of capital stock (the "Shareholders");

WHEREAS, in accordance with Section 1921(b) of the Pennsylvania Business Corporation Law of 1988, as amended, and Section 607.1107(1) of the Florida Business Corporation Act, as amended (the "FL Act"), Avanthi PA, Alantra, Vamsy and Avanthi FL have agreed to enter into the Merger (as defined below), and Avanthi FL shall be the surviving entity of the Merger;

WHEREAS, the Merger will further certain business objectives of the parties, including, but not limited to, minimizing costs and simplifying the current organizational structure;

WHEREAS, all of the outstanding shares of capital stock of Avanthi PA, Alantra and Vamsy shall be cancelled in the manner provided in Section 5 of this Plan of Merger;

WHEREAS, the board of directors and the shareholders (consisting of the Shareholders) of each of Avanthi PA, Alantra, Vamsy and Avanthi FL have approved and declared advisable this Plan of Merger and the merger of Avanthi PA, Alantra and Vamsy with and into Avanthi FL on the terms and conditions set forth herein; and

WHEREAS, the Merger is a plan of reorganization being completed pursuant to Section 368(a)(1)(F) of the Internal Revenue Code of 1986, as amended.

NOW, THEREFORE, the parties hereto agree as follows:

1.      Merger.  At the Effective Time (as such term is defined in Section 7), (i) Avanthi PA, Alantra and Vamsy will merge with and into Avanthi FL (the "Merger"), whereupon the separate existence of each Avanthi PA, Alantra and Vamsy shall cease, and (ii)

PHIL1 4088631v.1

E 11

Avanthi FL will be the surviving corporation and shall continue its existence as said corporation, all in accordance with the provisions of the FL Act. As a result of the Merger, all assets of Avanthi PA, Alantra and Vamsy, as they exist at the Effective Time, shall pass to and vest in the Surviving Corporation without any conveyance or other transfer. The Surviving Corporation shall be responsible for all liabilities and obligations of every kind of Avanthi PA, Alantra and Vamsy as of the Effective Time. At the Effective Time, all of the outstanding shares of capital stock of Avanthi PA, Alantra and Vamsy shall be cancelled in the manner provided in Section 5.

2.    Approval of Merger. This Plan of Merger has been authorized and approved by (i) the board of directors and the shareholders (consisting of the Shareholders) of Avanthi PA, Alantra and Vamsy and (ii) the board of directors and the shareholders (consisting of the Shareholders) of Avanthi FL, each in accordance with the articles of incorporation and bylaws of each of Avanthi PA, Alantra and Vamsy and Avanthi FL, respectively, and the laws of the Commonwealth of Pennsylvania and the State of Florida, as applicable.

3.    Articles of Incorporation. At the Effective Time, the articles of incorporation of Avanthi FL shall be the articles of incorporation of the Surviving Corporation, until thereafter amended as provided therein and by applicable law.

4.    By-Laws. At the Effective Time, the bylaws of Avanthi FL shall be the bylaws of the Surviving Corporation, until thereafter amended as provided therein and by applicable law.

5.    Capital Stock of Avanthi PA, Alantra and Vamsy. At the Effective Time, (i) the shares of capital stock of Avanthi PA, Alantra and Vamsy owned and held by the Shareholders shall no longer be outstanding and shall automatically be cancelled and shall cease to exist, and the Shareholders shall cease to have any rights with respect thereto, and (ii) such shares of capital stock shall not be converted into the right to receive any shares of capital stock or other securities in the Surviving Corporation.

6.    Capital Stock of Avanthi FL. At the Effective Time, the shares of capital stock of Avanthi FL owned and held by the Shareholders immediately prior to the Merger shall continue to be outstanding and owned and held by the Shareholders following the Merger.

7.    Filing; Effective Time. The parties hereto shall cause the Merger to be consummated by filing (i) articles/certificate of merger, in the form attached hereto as Exhibit A (the "PA Articles of Merger"), with the Department of State – Corporation Bureau of the Commonwealth of Pennsylvania, and (ii) articles of merger, in the form attached hereto as Exhibit B (the "FL Articles of Merger"), with the Department of State – Division of Corporations of the State of Florida. The Merger shall be effective as set forth in the PA Articles of Merger as filed with the Department of State – Corporation Bureau of the Commonwealth of Pennsylvania and as set forth in the FL Articles of Merger as filed with the Department of State – Division of Corporations of the State of Florida (the "Effective Time").

8.    Representations and Warranties of Avanthi PA, Alantra and Vamsy. Each of Avanthi PA, Alantra and Vamsy, each hereby represents and warrants to Avanthi FL as follows:

E 12

(a)     Binding Effect.  This Plan of Merger, and each agreement entered into in connection herewith (collectively, the "Transaction Documents") to which each of Avanthi PA, Alantra and Vamsy is a party, have been duly executed and delivered by Avanthi PA, Alantra and Vamsy and are valid and binding obligations of Avanthi PA, Alantra and Vamsy, enforceable against Avanthi PA, Alantra and Vamsy in accordance with their terms, except as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium, liquidation or similar laws relating to the enforcement of creditors' rights and remedies or by other equitable principles of general application.  The Transaction Documents have been duly authorized by all necessary action on the part of Avanthi PA, Alantra and Vamsy.

(b)     No Conflicts.  The execution and delivery by Avanthi PA, Alantra and Vamsy of each Transaction Document to which each is a party does not, and the consummation of the Merger and compliance with the terms hereof and thereof will not, conflict with, or result in any violation of or default (with or without notice or lapse of time, or both) under, or give rise to a right of termination, cancellation or acceleration of any obligation or to loss of a material benefit under, or result in the creation of any lien upon any of the properties or assets of Avanthi PA, Alantra and Vamsy under, any provision of (i) the organizational documents of Avanthi PA, Alantra and Vamsy, (ii) any contract, lease, license, indenture, note, bond, agreement, permit, concession, franchise or other instrument (a "Contract") to which Avanthi PA, Alantra and Vamsy are a party or (iii) any judgment, order or decree ("Judgment") or statute, law, ordinance, rule or regulation ("Law") applicable to Avanthi PA, Alantra and Vamsy or their respective properties or assets.

9.      Representations and Warranties of Avanthi FL.  Avanthi FL hereby represents and warrants to Avanthi PA, Alantra and Vamsy as follows:

(a)     Binding Effect.  The Transaction Documents to which Avanthi FL is a party have been duly executed and delivered by Avanthi FL and are valid and binding obligations of Avanthi FL, enforceable against Avanthi FL in accordance with their terms, except as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium, liquidation or similar laws relating to the enforcement of creditors' rights and remedies or by other equitable principles of general application.  The Transaction Documents have been duly authorized by all necessary action on the part of Avanthi FL.

(b)     No Conflicts.  The execution and delivery by Avanthi FL of each Transaction Document to which it is a party does not, and the consummation of the Merger and compliance with the terms hereof and thereof will not, conflict with, or result in any violation of or default (with or without notice or lapse of time, or both) under, or give rise to a right of termination, cancellation or acceleration of any obligation or to loss of a material benefit under, or result in the creation of any lien upon any of the properties or assets of Avanthi FL under, any provision of (i) the organizational documents of Avanthi FL, (ii) any Contract to which Avanthi FL is a party or (iii) any Judgment or Law applicable to Avanthi FL or its respective properties or assets.

10.     Termination.  This Plan of Merger may be terminated, and the Merger abandoned, by Avanthi PA, Alantra, Vamsy or Avanthi FL at any time prior to the Effective Time.

3

PHIL1 4088631v.1

E 13

11.    **Governing Law; Forum**. This Plan of Merger shall be governed by, and construed in accordance with, the internal laws of the State of Florida applicable to contracts made and to be performed entirely within the State of Florida (without giving effect to principles of choice of law or conflict of laws that would require application of the laws of a jurisdiction other than the State of Florida). Any action between Avanthi PA, Alantra, Vamsy and Avanthi FL that arises under or in any way relates to this Plan of Merger may be brought only in the state or federal courts located in the State of Florida. Each of Avanthi PA, Alantra, Vamsy and Avanthi FL hereby consents to the exclusive jurisdiction of such courts to decide any and all such actions and to such venue. Each of Avanthi PA, Alantra, Vamsy and Avanthi FL irrevocably waives and agrees not to assert any defense based on the inconvenience of such jurisdiction or venue.

12.    **Tax Treatment**. The Merger is a plan of reorganization being completed pursuant to Section 368(a)(1)(F) of the Internal Revenue Code of 1986, as amended.

13.    **Counterparts**. This Plan of Merger may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts of this Plan of Merger have been signed by each party and delivered to the other party.

[Signature Page Follows]

PHIL1 4088631v.1

4

E 14

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement and Plan of Merger as of the day and year first written above.

AVANTHI, INC.,
a Pennsylvania corporation

By: _____
    Name: Anthony P. Rensso
    Title: President

ALANTRA, INC.,
a Pennsylvania corporation

By: _____
    Name: Anthony P. Tarasso
    Title: President

VAMSY, INC.,
a Pennsylvania corporation

By: _____
    Name: Anthony P. Tarasso
    Title: President

AVANTHI, INC.,
a Florida corporation

By: _____
    Name: Anthony P. Tarasso
    Title: President

PHIL1 4088631v.1

E 15

**2016 FLORIDA PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P13000094445

**Entity Name:** AVANTHI, INC.

**FILED**
**Apr 29, 2016**
**Secretary of State**
**CC3788028109**

**Current Principal Place of Business:**

194 INLET DRIVE
ST AUGUSTINE, FL 32080

**Current Mailing Address:**

194 INLET DRIVE
ST AUGUSTINE, FL 32080 US

**FEI Number: APPLIED FOR**                              **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

| SIGNATURE: ROSEMARIE GAGLIARDINO | 04/29/2016 |
|---|---|
| Electronic Signature of Registered Agent | Date |

**Officer/Director Detail :**

| Title | DIRECTOR |
|---|---|
| Name | TABASSO, ANTHONY P |
| Address | 110 TERRY DRIVE SUITE 200 |
| City-State-Zip: | NEWTOWN PA 18940 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

| SIGNATURE: ANTHONY TABASSO | DIR | 04/29/2016 |
|---|---|---|
| Electronic Signature of Signing Officer/Director Detail | | Date |

E 16